**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000335
30-MAY-2014
08:25 AM**

NO. CAAP-11-0000335

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

RICKY L. WAIOLAMA and JAN WAIOLAMA, Plaintiffs-Appellants, v.
STATE OF HAWAI'I; ERNEST G. DARISAY, Defendants-Appellees, and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE ENTITIES 1-10; DOE LIMITED LIABILITY
COMPANIES 1-10; DOE DOMESTIC NONPROFIT CORPORATIONS 1-10; AND DOE
GOVERNMENTAL ENTITIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-0679)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Plaintiffs-Appellants Ricky L. Waiolama (Ricky) and Jan
Waiolama (Jan) (collectively, the Waiolamas) appeal from a
March 15, 2011 Circuit Court of the First Circuit (Circuit Court)
Judgment in favor of the Waiolamas but awarding costs and
attorneys' fees to Defendants-Appellees the State of Hawai'i
(State) and Ernest G. Darisay (Darisay) (collectively, the
Defendants).[1] Following the Defendants' appeal from an
arbitrator's award and request for trial *de novo*, the Circuit
Court concluded that Ricky was twenty-five percent comparatively
negligent in causing the collision with Darisay in light of its
finding that Ricky was traveling at an excessive rate of speed
prior to impact.

---

[1] The Honorable Patrick W. Border presided.

On appeal, the Waiolamas maintain that the Circuit Court erred in (1) admitting the testimony of the State's expert witness, Gerald Bretting (Bretting); (2) concluding that Ricky was twenty-five percent comparatively negligent in causing the collision; (3) awarding sanctions against them; and (4) denying their request for attorneys' fees and costs while awarding the State its costs.

After a careful review of the issues raised and the arguments made by the parties, the record on appeal, and legal authorities, we resolve the Waiolama's points on appeal as follows:

1.   The Circuit Court did not abuse its discretion in admitting Bretting's testimony.  "Whether expert testimony should be admitted at trial rests within the sound discretion of the trial court and will not be overturned unless there is a clear abuse of discretion.  Nevertheless, to be admissible, expert testimony must be both relevant and reliable."  Tabieros v. Clark Equip. Co., 85 Hawai'i 336, 351, 944 P.2d 1279, 1294 (1997) (internal citations and quotation marks omitted).  We further note that "under HRE Rule 702, expert testimony should be liberally admitted at trial."  Cochrane v. Azman, 125 Hawai'i 242, 257 P.3d 1219, No. 29562, 2011 WL 661714 at *4 (App. Feb. 22, 2011) (mem.) (citation and internal quotation marks omitted).

"The trial court's inquiry as to the relevancy requirement is whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute."  State v. Vliet, 95 Hawai'i 94, 111, 19 P.3d 42, 59 (2001) (citation and internal quotation marks omitted).  The dispute concerning the timing of events leading to the collision "was a matter on which laypersons would be 'enlightened' by witnesses, such as [Bretting], who had 'specialized understanding' on such a subject."  Id.  Bretting's testimony was

2

relevant because his opinion as to the events leading to the collision "would assist the trier of fact in determining a fact in issue, that is, whether" Ricky was speeding and, hence, comparatively negligent. Id. In addition, Bretting's ultimate opinion that Ricky was speeding "was relevant under HRE Rule 702, admissible under HRE Rule 704, and permissible under HRE Rule 403." Vliet at 112, 19 P.3d at 60. Thus, the Circuit Court did not err in treating Bretting's testimony as relevant.

A trial judge has broad latitude to decide whether particular expert testimony is reliable. Vliet, 95 Hawai'i at 110, 19 P.3d at 58. Bretting's opinion was "based upon facts in evidence" and not "mere speculation[.]" Tabieros, 85 Hawai'i at 391, 944 P.2d at 1334 (citations and internal quotation marks omitted). Here, Bretting's opinions were reliable because they were based on generally accepted methodology and facts in evidence. Bretting used a software program called PC-Crash, which has been peer reviewed and generally accepted by the industry as an effective and reliable tool. There have also been numerous articles written on the accuracy of PC-Crash.

Thus, we are unable to conclude that the Circuit Court abused its discretion in ruling that Bretting's opinion that Ricky was traveling at about fifty-five miles per hour was reliable.

The Waiolamas make a number of other arguments against admission of Bretting's testimony. Bretting's report, which included his opinions about events leading up to the accident, was turned over to the Waiolamas by the February 3, 2010 deadline and was therefore timely. Although State's Exhibits S and T were turned over to the Waiolamas after the discovery deadline, the Circuit Court treated them as illustrations, as "both sides have used them to their advantage in questioning the witness." We decline to conclude that the Circuit Court abused its discretion in allowing these illustrations to be admitted as demonstrative evidence.

The Waiolamas also argue that Bretting was' not credible based on the declaration of Darcianne Ernce. However, the Circuit Court found Bretting to be a credible witness and considered his testimony in its findings, agreeing that Ricky's vehicle was traveling at between fifty and fifty-five miles per hour. The trial judge, "as the trier of fact, is the sole judge of the credibility of witnesses or the weight of the evidence." State v. Tamura, 63 Haw. 636, 637-38, 633 P.2d 1115, 1117 (1981). The judge had the opportunity to observe Bretting's demeanor and hear his testimony first hand. Bretting testified that he has reconstructed at least 2500 vehicle accidents, has been qualified to testify as an accident reconstructionist about 200 to 300 times, and has been qualified to testify in roughly fifteen states. We decline to disturb the Circuit Court's conclusion that Bretting was credible.

2. The Circuit Court did not err in concluding that Ricky was twenty-five percent negligent in causing the collision. The Circuit Court's finding that Ricky was traveling "at or around 55 miles per hour" was not clearly erroneous. The Waiolamas offered no expert testimony to dispute Bretting's estimate of speed. Rather, they argue that Bretting's and Darisay's credibility is in question while Ricky Waiolama's and Dul's credibility were not called into question, thereby making the latters' accounts of the collision more trustworthy. They also emphasize the fact that Bretting could not generate a PC-Crash report that was consistent with the final resting place of Darisay's truck and conclude there was no basis for his opinion regarding the speed of Ricky's vehicle.

Again, the Circuit Court was the trier of fact and the sole judge of witness credibility and weight of the evidence. Tamura, 63 Haw. at 637-38, 633 P.2d at 1117. We find no reason to disturb his credibility judgment, as "[t]he trial judge has the advantage . . . in receiving evidence first hand and weighing it accordingly. We feel no compulsion to second guess the trier

4

of fact in this situation." <u>Viveiros v. State</u>, 54 Haw. 611, 614, 513 P.2d 487, 490 (1973).

3. The Waiolamas argue, and the State concedes, that the Circuit Court abused its discretion in awarding attorneys' fees and expert witness fees in favor of the State.

Hawai'i Arbitration Rules (HAR) Rule 26 provides that the trial court may impose sanctions, including expert witness fees and attorneys' fees, "against the non-prevailing party *whose appeal resulted in the trial de novo.*" HAR Rule 26(A) (emphasis added) & Rule 26(B)(1), (3). The Rules "provide for sanctions against an *appealing* party, that is, a party dissatisfied with an arbitration award, who insists on pursuing a trial *de novo* but fails to improve the award." <u>Kealoha v. Cnty. of Hawai'i</u>, 74 Haw. 308, 326, 844 P.2d 670, 678-79 (1993). HAR Rule 26(A) clearly and unambiguously restricts "potential sanctions to non-prevailing parties *who appeal an arbitration award.*" <u>Kealoha</u>, 74 Haw. at 326, 844 P.2d at 679 (emphasis added). Here, HAR Rule 26 does not apply and sanctions cannot be imposed against the Waiolamas because they are not the party who appealed the arbitration award. Rather, Darisay and the State appealed from the arbitration award and requested a trial *de novo*.

4. The Circuit Court did not abuse its discretion in awarding costs to the State. HAR Rule 25 provides:

> (A) The "Prevailing Party" in a trial de novo is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

> (B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court. As such, the prevailing party is entitled to costs of trial and all other remedies as provided by law, unless the Court otherwise directs.

The State falls under HAR Rule 25(A)(1) and, according to HAR Rule 25(B), may be awarded costs within the court's discretion.

The Waiolamas are not the "prevailing party."[2] The Arbitrator awarded total damages in the amount of $129,250.20, less ten percent for Ricky's comparative negligence, for a net award amount of $116,325. Following trial, the Circuit Court awarded Ricky a total of $66,188.96, less twenty-five percent for Ricky's comparative negligence, for a net award amount of $49,641.72. Jan was awarded $5,000, less twenty-five percent, for a net award amount of $3,750. The Waiolamas were awarded $18,061.24 for damage to property, less twenty-five percent, for a net award of $13,545.93. Darisay and the State were awarded costs in the amount of $19,336.90 and attorneys' fees in the amount of $21,150, for a total amount of $40,486.90.

Under HAR Rule 25(A), the State is the "prevailing party" because the net award amount was reduced from $116,325 following arbitration to $66,937.65 ($49,641.72 + $3,750 + $13,545.93) following trial *de novo*. This resulted in a reduction of over 42 percent of the arbitration award to the Waiolamas (($116,325 - $66,937.65)/$116,325).

"HRCP Rule 54(d) is a general rule that allows the award of costs to the prevailing party in a civil suit." Molinar v. Schweizer, 95 Hawai'i 331, 336, 22 P.3d 978, 983 (2001). HRCP Rule 54(d) provides, in relevant part, "*Except when express provision therefor is made either in a statute or in these rules*, costs shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" (Emphasis added.) "By the plain language of HRCP Rule 54(d) . . . , the trial court's ability to award costs may be circumscribed by a statute or rule of court." Molinar at 336, 22 P.3d at 983.

---

[2]    The Waiolamas argue that the "prevailing party" cannot be determined because the CAAP arbitrator did not make separate awards to Ricky and Jan. However, we consider the total amount awarded to the Waiolamas, collectively, as the plaintiffs, in determining whether the plaintiffs or defendants are the "prevailing party." Moreover, pursuant to HAR Rule 25(B), the trial court has discretion to award costs to the non-prevailing party if it is equitable. HAR Rule 25 cmt. (1999).

In Molinar, the Hawai'i Supreme Court explained that, in the context of HAR Rule 25, "[a]lthough Molinar may have 'prevailed' in the traditional sense that she was awarded compensation from Schweizer at trial, she is not the prevailing party according to the rules of court because HAR Rule 25 supersedes any common law 'prevailing party' determination." Molinar, 95 Hawai'i at 337, 22 P.3d at 984 (quoting HAR Rule 25). As in Molinar, the Waiolamas' claim that they are entitled to an award of costs and attorneys' fees under HRCP Rule 54(d) as the prevailing party is foreclosed. In light of the factors listed in the commentary to HAR Rule 25,[3] we cannot conclude that the Circuit Court's award of costs and fees was an abuse of discretion. See HAR Rule 25 cmt. (1999).

Finally, citing to Hawaii Revised Statutes (HRS) § 662-12 (1993),[4] the Waiolamas urge us to find that they are entitled to attorneys' fees because "the State required [them] to fully litigate this matter" and "vigorously contested" the case. We disagree.

The award of attorneys' fees under the State Tort Liability Act is discretionary with the trial court. Viveiros,

---

[3] The commentary provides, in relevant part:

> The July 1, 1999 amendment makes clear that the allowance of costs to the prevailing party is not mandatory. The amendment is intended to vest the trial court with discretion in awarding taxable costs to avoid inequitable results. In weighing the equities, the trial court may consider factors such as the nature of the case, the conduct of the parties throughout the litigation, including arbitration proceedings, the amount and timing of settlement offers made by the parties, the amount of the judgment, and other relevant factors.

[4] §662-12 Attorney's fees. The court rendering a judgment for the plaintiff pursuant to this chapter or the attorney general making a disposition pursuant to section 662-11 may, as a part of such judgment, award, or settlement, determine and allow reasonable attorney's fees which shall not, however, exceed twenty-five per cent of the amount recovered and shall be payable out of the judgment awarded to the plaintiff; provided that such limitation shall not include attorney's fees and costs that the court may award the plaintiff as a matter of its sanctions.

(Emphasis added.)

7

54 Haw. at 614, 513 P.2d at 489-90 (1973). Here, as in Viveiros,[5] "[s]ince we view HRS § 662-12 as a statute that gives the trial court discretion in awarding attorney's fees, we must necessarily sustain the denial of such allowance." Viveiros, 54 Haw. at 614, 513 P.2d at 490.

Based on the foregoing, we vacate the March 15, 2011 Judgment entered by the Circuit Court of the First Circuit to the extent that it imposes sanctions against the Waiolamas. In all other respects, we affirm.

DATED: Honolulu, Hawai'i, May, 30, 2014.

On the briefs:

Ronald Albu,
for Plaintiffs-Appellants.

Mark M. Normura
Caron M. Inagaki
Deputy Attorneys General
for Defendants-Appellees.

Chief Judge

Associate Judge

Associate Judge

---

[5] In Viveiros, "[i]n open court, the trial judge denied plaintiffs' attorney's fees, presumably on the authority of HRS § 662-12." Viveiros at 612, 513 P.2d at 488.